NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHEALITA C. KEETO, *Appellant.*

Nos. 1 CA-CR 24-0421, 1 CA-CR 24-0422
(Consolidated)

FILED 07-22-2025

Appeal from the Superior Court in Maricopa County
Nos.  CR2020-143493-001, CR2019-122879-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

**W E I N Z W E I G**, Vice Chief Judge:

¶1 Michealita Keeto appeals her convictions and sentences for two counts of sale or transfer of dangerous drugs, and probation revocation for possession or use of drug paraphernalia. After searching the record and finding no arguable, non-frivolous question of law, Keeto's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Keeto had the opportunity to file a supplemental brief but did not. After reviewing the record, we affirm Keeto's conviction and sentence.

**FACTUAL AND PROCEDURAL HISTORY[1]**

¶2 Keeto was on probation for possession or use of drug paraphernalia when an undercover police officer approached and asked where he could buy some methamphetamine. The officer handed $20 to Keeto. She took that money, walked to a man in the area and returned with a baggy of methamphetamine, which she handed to the officer. Keeto told the officer where to find her if he wanted more.

¶3 The officer returned a week later and handed Keeto another $20 for more methamphetamine. Keeto again used the money to acquire methamphetamine for the officer.

¶4 The crime lab confirmed both baggies contained methamphetamine. Keeto was arrested and charged with two counts of sale or transfer of dangerous drugs, and the State petitioned to revoke her probation.

---

[1] We recount the facts in the light most favorable to sustaining the jury's verdicts. *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

¶5        The superior court held a four-day trial.  Keeto admitted she twice bought methamphetamine for the officer, but insisted the officer had threatened to arrest her if she did not.  The officer testified that he never revealed he was an undercover officer or threatened Keeto.  The jury found Keeto guilty on both counts.  The superior court sentenced Keeto to two concurrent four-and-a-half-year terms of imprisonment.  The court also revoked her probation and sentenced her to six months concurrent imprisonment for her conviction of possession or use of drug paraphernalia.

¶6        Keeto timely appealed.  We have jurisdiction.  Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶7        We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.

¶8        Keeto was present and represented by counsel at all critical stages of the proceedings.  The record reflects that the superior court afforded Keeto all her constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict.  Keeto's sentence is also within the range prescribed by law.  We find no error on this record.

## CONCLUSION

¶9        We affirm Keeto's convictions and sentences.  Defense counsel's obligations in this appeal will end once Keeto is informed of the outcome and her future options, unless counsel finds an issue appropriate for the Arizona Supreme Court's review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Keeto has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.

MATTHEW J. MARTIN • Clerk of the Court

**FILED**:          JR